In the Matter of the Application of the MARINE TRUST COMPANY OF BUFFALO, Petitioner, Respondent, for an Order against EDWIN B. KENNGOTT, County Clerk of Erie County, Appellant.*

Fourth Department, July 2, 1941.

---

*Affg. 175 Misc. 362.

*Paul J. Batt* [*Jacob Tick* of counsel], for the appellant.

*Penny & Penny* [*Alfred A. Buerger* of counsel], for the petitioner.

PER CURIAM. On August 8, 1939, the Ortner Appliance Store sold to Joseph Bauer of Buffalo, N. Y., certain chattels, not affixed, or to be affixed, to real property, under a written conditional sales contract. The title to the chattels was to remain in the seller until the purchase price of $164.77 was fully paid. The seller immediately assigned the contract to the petitioner. On August 11, 1939, the petitioner filed copies of the contract and of the assignment in the Erie county clerk's office, Buffalo, N. Y. Bauer paid the full purchase price and became entitled to a certificate of payment, satisfaction and discharge of said contract as provided in section 72 of article 4 of the Personal Property Law, as last amended by chapter 741 of the Laws of 1940. The petitioner prepared such a certificate and presented it to the clerk of Erie county for filing in his office and tendered to him the sum of ten cents as and for a filing fee, that being the filing fee provided for in section 72. The clerk refused to file the certificate unless the petitioner would pay to him a filing fee of fifty cents, that being the fee for filing the certificate of satisfaction described in section 70 of said article, as last amended by chapter 634 of the Laws of 1939. The petitioner refused to pay the demanded fee. The petitioner, thereupon, procured an order directing the clerk to show cause why an order should not be made commanding him to file said certificate in his office upon payment of a filing fee of ten cents. The clerk opposed the motion. The Special Term granted the order prayed for and the clerk has appealed. We are to review that order.

Article 4 makes a very clear distinction between conditional sales contracts where the chattels sold are affixed or are to be affixed to real property, and conditional sales contracts involving chattels which are not affixed and are not to be affixed to real property. Section 70 first outlines the duties of filing officers when contracts of conditional sales, or copies thereof, are filed with them and then that section provides specially for filing, entering and indexing contracts of conditional sales of chattels which are affixed or are to be affixed to real property. The filing, entering and indexing of such contracts impose upon the filing officers a wealth of detail in addition to that required of them in filing, entering and indexing other kinds of conditional sales contracts. In view of this additional work, and of the importance of it, the Legislature has imposed upon the seller a fee of fifty cents for filing a certificate of satisfaction of such a contract. Such fee tends to compensate the

filing officer for the additional work imposed upon him when such a contract is filed in his office. On the other hand, the Legislature, under section 72, has deemed a filing fee of ten cents sufficient for filing a certificate canceling a conditional sales contract where the article sold is not affixed or is not to be affixed to real property. Exceptions are made in respect to the fees to be paid for filing certificates of satisfaction in Nassau and New York counties and in the office of the Secretary of State. We have reached the conclusion that sections 70 and 72 are in no sense conflicting or repugnant as claimed by the appellant. Since the contract in question involved the sale of a chattel which was not affixed and was not to be affixed to real property, the clerk was entitled to a filing fee of ten cents only.

The order should be affirmed, without costs.

All concur. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order affirmed, without costs.